FILED
2021 APR 19 PM 12:04
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CARSON R.,**<br><br>Plaintiff,<br><br>v.<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>Case No. 1:20-cv-00049-JCB<br><br>Magistrate Judge Jared C. Bennett |

The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Carson R.'s ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary. Based upon the analysis set forth below, the Commissioner's decision is affirmed.

---

[1] ECF No. 17.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. On May 28, 2015, Plaintiff applied for DIB and SSI.[2] Plaintiff's application was denied initially and after reconsideration.[3] On January 13, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[4] and that hearing was held on February 15, 2017.[5] On May 5, 2017, the ALJ issued a written decision denying Plaintiff's claims for DIB and SSI.[6] On April 14, 2018, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ for additional proceedings.[7]

A second hearing was held on November 20, 2018.[8] On December 19, 2018, the ALJ issued a second decision denying Plaintiff's claims for DIB and SSI.[9] On February 27, 2020, the Appeals Council denied Plaintiff's request for review,[10] making the ALJ's second decision the Commissioner's final decision for purposes of judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. Plaintiff then brought the instant action to appeal that final decision.

---

[2] ECF Nos. 21-24, Administrative Record ("AR ___") 517-26.

[3] AR at 250-64, 265-79, 282-99, 300-17.

[4] AR at 357-58.

[5] AR at 402-03.

[6] AR at 320-38.

[7] AR at 339-42.

[8] AR at 74-117.

[9] AR at 52-64.

[10] AR at 6-12.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically

3

> severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given his residual functional capacity ("RFC"), that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience." *Id*. (quotations and citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

4

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ANALYSIS

Plaintiff argues that the ALJ committed several errors in his treatment of the medical opinions of Robert Mohr, M.D. ("Dr. Mohr"). Specifically, Plaintiff asserts that the ALJ failed to assess Dr. Mohr's opinions under the requirements for considering a treating physician's opinions. However, as shown below, the ALJ appropriately considered Dr. Mohr's opinions. Accordingly, the Commissioner's decision is affirmed.

The ALJ's decision properly considered Dr. Mohr's opinions under the treating physician rule. This rule provides that "[a] treating physician's opinion must be given controlling weight if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014). If an opinion is not entitled to controlling weight, the ALJ must still determine what weight, if any, to assign to the opinion by considering the factors set forth at 20 C.F.R. §§ 404.1527, 416.927. *Id.* at 1176-77. The ALJ must give reasons for the weight he assigns to the opinions. *Watkins v. Barnhart,* 350 F.3d 1297, 1301 (10th Cir. 2003). Although the ALJ need not explicitly discuss each factor of the treating physician rule when assessing weight to a particular medical opinion, *Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007), the reasons stated must be "sufficiently specific" to permit meaningful appellate review. *Watkins,* 350 F.3d at 1300. The ALJ's role is to weigh and resolve evidentiary conflicts and inconsistencies especially when weighing medical evidence. *See, e.g.*, *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000); *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

5

Given that Congress delegated the important role of weighing medical evidence to the ALJ, this court will not reweigh this evidence. *Madrid*, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." (quotations and citation omitted)).

Here, the ALJ relied upon the proper factors to support the conclusion that Dr. Mohr's opinions were entitled to little weight. The ALJ properly relied upon the fact that the medical opinions were not supported by and were inconsistent with the objective medical evidence in the record. 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4); *Jones v. Colvin*, 610 F. App'x 755, 759 (10th Cir. 2015). For example, although Dr. Mohr's opinions were consistent with Plaintiff's subjective reports, they were inconsistent with Dr. Mohr's own treatment notes, clinical findings and observations, and the record overall. The ALJ determined that, in effect, Dr. Mohr's opinion gave too much deference to Plaintiff's subjective complaints and was based on what the Plaintiff reported he could do rather than Dr. Mohr's professional opinion of what he can do. The ALJ then enumerated specific inconsistences between the opinion and the record.

For instance, in May 2016, Dr. Mohr's treatment notes show Plaintiff reported his condition was slowly improving and that he was walking 3.5 miles about five days a week.[11] These notes conflict with Dr. Mohr's opinion, given just one month later, in July 2016, that Plaintiff could not continuously stand or walk for more than 30 minutes at a time.[12] Likewise, the restrictive physical limitations opined by Dr. Mohr conflict with Dr. Havenon's treatment notes

---

[11] AR at 1374.

[12] AR at 1370.

in August and December 2016, which report unremarkable clinical findings with normal physical examinations, including normal gait and coordination; muscle bulk, tone and strength; postural stability; and dysdiadochokinesia.[13]

Other physicians also disagreed with Dr. Mohr's findings. For example, Dr. Thompson, who examined Plaintiff around the same time as Dr. Mohr, found that Plaintiff was able to perform physical acts beyond what Dr. Mohr had opined.[14] Given the disagreement between Dr. Mohr and the other physicians in Plaintiff's medical history, Plaintiff cannot show that Dr. Mohr's opinion was consistent with other substantial evidence in the record to be afforded controlling weight. Consequently, the ALJ properly considered the relevant factors for considering the treating source opinion and gave good reasons for assigning little weight thereto. Because the ALJ's assessment of Dr. Mohr's opinion was based on substantial evidence, the Commissioner's decision is affirmed.

Despite thoroughly pointing out other portions of the record that contradicted Dr. Mohr's opinions, Plaintiff contends that the ALJ erred by cherry-picking only the parts of the record that supported the non-disability finding and by discounting Dr. Mohr's statements that Plaintiff could not perform work. Neither argument undermines the ALJ's wholistic review of the record, which is supported by substantial evidence.

First, the court is not persuaded that the ALJ erred by "cherry-pick[ing]" evidence from Dr. Mohr's opinion to support a conclusion that Plaintiff was not disabled. Although Plaintiff is correct that an ALJ is not permitted to "cherry-pick information, an ALJ is free to reject portions

---

[13] AR at 1692-1700.

[14] *Compare* AR at 1302-03 *and* AR at 1370.

7

of medical opinion evidence not supported by, and even contrary to, objective evidence of record while accepting those portions supported by the record." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (explaining that the ALJ must provide "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight"). Contrary to Plaintiff's accusation, the ALJ provided adequate reasons for not adopting Dr. Mohr's opinions wholesale. As discussed above, the ALJ evaluated Dr. Mohr's and other physicians' opinions based on the entire record, assigned little weight to Dr. Mohr's opinions using proper factors, and adequately explained why Dr. Mohr's opinion were assigned reduced weight. Considering the record as a whole is not cherry picking; it is exactly what the ALJ must do.[15] Because that is exactly what the ALJ did here, his decision should be affirmed.

Second, the ALJ did not improperly dismiss Dr. Mohr's opinion that Plaintiff was unable to work as an issue reserved to the Commissioner. As a treating physician, Dr. Mohr completed a form regarding Plaintiff's condition. On the form, Dr. Mohr checked the box for "Not at all" in response to a question asking "how many hours can the patient work (any occupation) each week,"[16] and explained that he was unable to sit or stand for more than 30 minutes

---

[15] 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (requiring an ALJ to consider whether an opinion is consistent with the record as a whole).

[16] AR at 1367.

continuously.[17] The ALJ considered Dr. Mohr's opinion but gave it little weight because his opinion that Plaintiff "was unable to work any occupation . . . is tantamount to assessing disability, which is not a medical opinion, but a legal conclusion reserved to the Commissioner of the Social Security Administration."[18] The ALJ did not err in doing so.

An opinion by a treating physician that a claimant is "disabled" or "unable to work" has no special significance because it is not a medical opinion. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). These determinations are legal conclusions that are "reserved to the Commissioner." 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1); *Bibbs v. Apfel*, No. 00–5029, 3 F.App'x. 759, 762 (10th Cir. 2001) (unpublished) ("The ALJ is entitled to disregard a doctor's statement that a claimant is 'disabled' or 'unable to work.'"); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (holding that "responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]");[19] Notwithstanding, as shown above, the ALJ did not reduce Dr. Mohr's opinions on this basis alone, rather it was one factor of many that the ALJ considered in apportioning weight to his opinions. Accordingly, the ALJ did not commit reversible error.

---

[17] AR at 1370.

[18] AR at 62.

[19] *See, e.g.*, *Moss v. Astrue*, No. CV 10-0890 MV/WPL, 2011 WL 13284756, at *8 (D.N.M. Oct. 25, 2011) (explaining that "conclusory opinions, such as those stating that the patient is 'disabled' or 'unable to work,' are specifically discounted by the Social Security Administration." (quoting 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1))); *Busby v. Barnhart*, 325 F. Supp. 2d 1221, 1227 (D. Kan. 2004) (holding ALJ did not err by refusing to fully credit a consultative physician's opinion that the claimant's mental limitations severely impaired her ability to work because the opinion constituted "a legal conclusion that is reserved to the Commissioner.").

## CONCLUSION AND ORDER

As shown above, the ALJ's decision is founded on substantial evidence. Although reasonable people can reach different conclusions when evaluating conflicting evidence, that possibility does not mean an absence of substantial evidence. Indeed, even at trial, "substantial evidence" is all that is needed to defend against a motion for a directed verdict and to submit the case to the jury. *Williams v. Dresser Indus., Inc.*, 120 F.3d 1163, 1167 (11th Cir. 1997) ("[I]f substantial evidence exists in opposition to the motion such that reasonable people, exercising impartial judgment, might reach differing conclusions, then the motion should have been denied and the case submitted to the jury."). The varying physicians' opinions in this case that contradict Dr. Mohr's opinions would certainly be enough to defend against a directed verdict and to submit the case to the jury were a jury trial available in Social Security appeals. Therefore, the ALJ's decision is supported by substantial evidence even if a hypothetical jury could not reach a unanimous verdict on this record. Accordingly, the Commissioner's decision in this case is AFFIRMED.

    IT IS SO ORDERED.

    DATED April 19, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge